

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 2:13-CV- 33 KS-MTP

$155,000.00 U.S. CURRENCY                                            DEFENDANT
                                                                      PROPERTY

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW, Plaintiff United States of America, by and through the United States Attorney, and brings this Verified Complaint for Forfeiture *in Rem* and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules") and the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.  This is an action by the United States of America seeking forfeiture of $155,000.00 in U.S. Currency (the "Defendant Property") seized from a persons identified herein and in the attached Affidavit of Special Agent David Roncska of the Federal Bureau of Investigation as Witnesses A and B.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction of this matter pursuant to Title 28 U.S.C. §§ 1345 and 1355.

3.  Venue is proper in the Hattiesburg Division of the Southern District of Mississippi pursuant to Title 28 U.S.C. §§ 1355(b)(1)(A) and 1395(a), in that the acts and/or omissions giving rise to the forfeiture occurred in this district and because the Defendant Property is located in this district.

## BASIS FOR FORFEITURE

4. The Defendant Property is subject to forfeiture pursuant to Title 21 U.S.C. §§ 881(a)(6) and 881(h) on the grounds that the Defendant Property constitutes moneys and things of value that were (1) proceeds traceable to an exchange for a controlled substance or listed chemical; and/or (3) used or intended to be used to facilitate such an exchange, all in violation of the Controlled Substances Act, Title 21 U.S.C. § 801, *et seq.*

5. Upon the filing of this Verified Complaint, the Plaintiff requests that the Clerk of Court for the United States District Court for the Southern District of Mississippi issue an Arrest Warrant *in Rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property in the custody of the United States of America, pursuant to Title 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## FACTS AND CIRCUMSTANCES

6. Federal Bureau of Investigation Special Agent David Roncska's Affidavit in Support of Forfeiture, attached hereto as Exhibit "A" and fully incorporated herein by reference, provides an account of the facts and circumstances of the seizure at issue and the basis for the instant forfeiture action.

## CLAIM FOR RELIEF

7. The Defendant Property is subject to forfeiture pursuant to Title 21 U.S.C. §§ 881(a)(6) and 881(h).

8. Title 21 U.S.C. § 881(a)(6) makes subject to forfeiture to the United States of America moneys and things of value that were (1) furnished, or intended to be furnished, in exchange for a controlled substance or listed chemical; (2) proceeds traceable to such an exchange; and/or (3) used or intended to be used to facilitate such an exchange, all in violation of the Controlled Substances Act, Title 21 U.S.C. § 801, *et seq.*

9. Title 21 U.S.C. § 881(h) provides that "[a]ll right, title, and interest in property described in [Title 21 U.S.C. § 881(a)] shall vest in the United States upon commission of the act giving rise to forfeiture under [Title 21 U.S.C. § 881]."

10. WHEREFORE, Plaintiff United States of America prays that the Clerk issue an Arrest Warrant *in Rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the property located in the custody of the United States of America pursuant to Title 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

11. WHEREFORE, Plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Property and that all persons having an interest in the Defendant Property be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Property to the United States of America for disposition according to law and that this Court grant Plaintiff United States of America such further relief as this Court may deem just and proper, together with the costs and disbursements in this action.

**RESPECTFULLY SUBMITTED**, on this, the 15th day of February, 2013.

By: *[signature]*

GREGORY K. DAVIS
United States Attorney

E. CARLOS TANNER, III (MSB #102713)
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201
(601) 965-4480 Telephone
(601) 965-4409 Facsimile
Carlos.Tanner@usdoj.gov