## AFFIDAVIT IN SUPPORT OF FORFEITURE

I, Federal Bureau of Investigation Special Agent David Roncska, being duly sworn, hereby depose and state:

### A. Background and Experience of Agent

1. I, Special Agent David Roncska, have been a special agent of the Federal Bureau of Investigation ("FBI") since 2011. I am currently assigned to FBI's Hattiesburg Resident Agency Office located in Hattiesburg, Forrest County, Mississippi, which is located within the Hattiesburg Division of the Southern District of Mississippi. I was previously employed for approximately six years as a police officer with the Knoxville Police Department in Knoxville, Tennessee. During my law enforcement career, I have investigated numerous cases involving narcotics trafficking, and I have been involved in numerous seizures of currency and other assets from individuals involved in narcotics trafficking. Based on my personal knowledge and information I have received from other agents of the Mississippi Bureau of Narcotics ("MBN"), United States Drug Enforcement Administration ("DEA") and other law enforcement agencies, I am aware of the following facts:

### B. Facts and Circumstances Supporting Seizure

2. On or about September 26, 2012, Hattiesburg, Mississippi Police Department ("HPD") Detective Brandon McLemore contacted your Affiant, Federal Bureau of Investigation Special Agent David Roncska ("S.A. Roncska") about suspicious activity which occurred at the Community Bank on Highway 98 in Hattiesburg. Detective McLemore stated that a married couple (collectively identified herein as "Witnesses A and B") were at Community Bank attempting to obtain a cashier's check with $150,000.00 in U.S. Currency.

3. Witnesses A and B stated that FREDRICK DONNELL BOOTH had given the $150,000.00 to Witnesses A and B for the purchase of a house.

4. On or about September 26, 2012, S.A. Roncska and FBI Task Force Officer ("TFO") James E. Burch traveled to Community Bank and interviewed Witnesses A and B. During the interview,



S.A. Roncska learned that Witnesses A and B were in the process of selling their house to FREDRICK DONNELL BOOTH and his wife, SHALONDA HILL.

5. FREDRICK DONNELL BOOTH had given Witnesses A and B $5,000.00 in earnest money and signed a contract to purchase Witnesses A and B's house for $175,000.00.

6. FREDRICK DONNELL BOOTH agreed to pay Witnesses A and B $150,000.00 in cash at the real estate closing for Witnesses A and B's house.

7. Witnesses A and B agreed to owner-finance for FREDRICK DONNELL BOOTH and SHALONDA HILL the remaining $20,000.00 of the purchase price for Witnesses A and B's house.

8. Witnesses A and B then deposited the earnest money into a money market account.

9. Witnesses A and B subsequently consulted with a real estate attorney and were told that FREDRICK DONNELL BOOTH and SHALONDA HILL could not show up to the real estate closing with $150,000.00 in cash to complete the sale.

10. Witnesses A and B advised FREDRICK DONNELL BOOTH that he would not be able to bring cash to the closing. Witnesses A and B later told FREDRICK DONNELL BOOTH he would need to obtain a cashier's check from a bank to complete the $150,000.00 purchase.

11. FREDRICK DONNELL BOOTH expressed to Witnesses A and B FREDRICK DONNELL BOOTH's reluctance about taking the $150,000.00 in cash to a bank.

12. Witnesses A and B then agreed to take FREDRICK DONNELL BOOTH's money to a bank to get a cashier's check for him.

13. FREDRICK DONNELL BOOTH arrived at Witnesses A and B's home with $150,000.00 – all $100.00 bills – in a plastic bag.

14. Witnesses A and B received the $150,000.00 from FREDRICK DONNELL BOOTH and gave FREDRICK DONNELL BOOTH a receipt for the cash.

15. Witnesses A and B then took the currency to the Community Bank and HPD was notified of the transaction.

16. On or about September 26, 2012, S.A. Roncska telephonically contacted SHALONDA HILL on a telephone number Witnesses A and B had given S.A. Roncska. A female answered the telephone and identified herself to S.A. Roncska as SHALONDA HILL.

17. S.A. Roncska advised SHALONDA HILL that the FBI was in possession of the $155,000.00 that SHALONDA HILL and FREDRICK DONNELL BOOTH had given Witnesses A and B for the purchase of Witnesses A and B's home.

18. SHALONDA HILL claimed to have no knowledge of the $155,000.00.

19. SHALONDA HILL further claimed to have no knowledge of any attempt by FREDRICK DONNELL BOOTH and SHALONDA HILL to purchase a house.

20. SHALONDA HILL then refused to provide S.A. Roncska with FREDRICK DONNELL BOOTH'S contact information.

**C. Certain Pertinent Criminal and Civil History of FREDRICK DONNELL BOOTH**

21. Your Affiant has learned the following regarding FREDRICK DONNELL BOOTH's pertinent criminal and civil history:

   a. On September 13, 2005, FREDRICK DONNELL BOOTH was charged in Jefferson Davis County, Mississippi, with possession of marijuana. In relation to this incident, MBN agents seized $8,595.00 in U.S. Currency from FREDRICK DONNELL BOOTH;

   b. On January 27, 2010, law enforcement officers arrested FREDRICK DONNELL BOOTH and charged FREDRICK DONNELL BOOTH with possession of marijuana. In connection with said arrest, law enforcement officers found and seized marijuana and $108,834.00 in U.S. Currency from FREDRICK DONNELL BOOTH'S residence. FREDRICK DONNELL BOOTH later pleaded guilty in that case to possession of a controlled substance with intent to distribute and received a sentence of twenty years in the custody of the Mississippi Department of Corrections;

      c.      On September 26, 2010, the Covington County Sheriff's Department, along with the Mississippi Bureau of Narcotics, seized in Covington County, Mississippi $52,960.00 in U.S. Currency from FREDRICK DONNELL BOOTH during a traffic stop of a vehicle FREDRICK DONNELL BOOTH was driving. This seizure came after a consensual search of FREDRICK DONNELL BOOTH's vehicle at a safety checkpoint in Covington County, Mississippi;

### C. Conclusion

22.    Your Affiant submits that based on the foregoing information, the Defendant $155,000.00 in U.S. currency is subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. §§ 881(a)(6) and 881(h) because said U.S. currency constitutes money and things of value that were (1) furnished, or intended to be furnished, in exchange for a controlled substance or listed chemical; (2) proceeds traceable to such an exchange; and/or (3) used or intended to be used to facilitate such an exchange, all in violation of the Controlled Substances Act, Title 21 U.S.C. § 801, *et seq.*

I hereby verify and declare under penalty of perjury that to the best of my knowledge, information and belief, the information contained herein is true and correct

_____
David Roncska, Affiant
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 14 day of February, 2013.

_____
Notary Public

My Commission Expires:

*[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 70740, GINGER L. TAPP, Commission Expires Nov. 17, 2015, FORREST COUNTY]*